HOMER W. THOMPSON, JR., Petitioner and Appellee, *v.* BOARD OF ACCOUNTANCY, Respondent and Appellant.

No. CE-66-17.     Decided February 12, 1969.

858

*Luis E. García Benítez* and *María Genoveva R. Carrera* for the Board of Accountancy. *González, Jr., González-Oliver & Novak* for Homer W. Thompson, Jr.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On October 23, 1958 petitioner-appellee Homer W. Thompson, Jr., applied to the Puerto Rico Board of Accountancy for admission to practice his profession of certified public accountant, without examination, under the provisions of reciprocity of the Public Accountancy Act of 1945—Act No. 293 of May 15, 1945—20 L.P.R.A. § 771 *et seq.* (1961 ed.). Petitioner-appellee had a certificate of certified public

accountant issued by the Texas State Board of Public Accountancy in the year 1952.

On November 14, 1958 the Board notified petitioner that for the purpose of considering his application it was submitting a questionnaire to the Texas State Board of Public Accountancy, and if the answers to said questionnaire were favorable, the Board would proceed to issue the certificate requested.

After several communications between the Boards of Accountancy of Puerto Rico and Texas, on July 2, 1959 the Texas Board informed our Board that it would issue certificates of certified public accountants, through reciprocity, to persons holding certificates of certified public accountants issued by the Board of Puerto Rico, provided the holders of said Puerto Rican certificates had approved the C.P.A. uniform examination prepared by the American Institute of Certified Public Accountants, and also had their examination papers marked by said American Institute of Certified Public Accountants, if the holders of certificates of Puerto Rico had all the qualifications required by the Texas Public Accountancy Act of 1945.

After a careful consideration of the situation and after a hearing before the Board on June 9, 1960, at which petitioner appeared and was heard through his attorney, on July 29, 1960 the Board denied Thompson's application with the following statement:

"After a hearing in the Thompson case and after a thorough examination of the transcript of evidence, as well as of the memorandum submitted by petitioner through his attorney, and it appearing that the Texas State Board of Public Accountancy, using its discretion, requires special qualifications to accept the exchange of certificates through reciprocity, this Board, in the exercise of its discretion conferred by law, hereby denies petitioner's application for a certificate through reciprocity."

Petitioner appealed to the Superior Court, San Juan Part, and requested the reversal of the decision of the Board and that the issuance of his certificate of certified public accountant be ordered without examination—§ 11(j), Act No. 293 of 1945. On April 3, 1962 the San Juan Part rendered judgment as follows:

"It is hereby ordered that this case be remanded to the administrative level of the Public Accountancy Board, in order that, after hearing petitioner again it specifically decide whether or not there is reasonable equivalence between the qualifications required by *the law and the* Texas State *Board of Public Accountancy* and those required by *the law and the Public Accountancy Board* of Puerto Rico."

On May 8, 1963, in compliance with the decision of the court, the Board held a hearing with the appearance of petitioner and his attorneys. According to the record of said hearing during the course thereof petitioner mainly sought to challenge views and actions of the Board itself or of former members of the Board. In relation to the view of equivalence, petitioner offered testimony and documentary evidence aiming rather at comparing the demands and requirements for a bachelor's degree in business administration majoring in accounting in the University of Texas, where he graduated, and those in the University of Puerto Rico, in the year he obtained his bachelor's degree.

On February 3, 1964 the Board rendered a decision in the light of an analysis of the evidence presented and denied petitioner's application for permission to practice as certified public accountant, without examination. In its decision the Board made the following findings:

"The oral and documentary evidence offered during this incident as to whether or not there is reasonable equivalence between the qualifications required by Texas and Puerto Rico reveals the following:

"(a) That upon considering the application for a license without examination filed by Homer W. Thompson the Board

of Accountancy considered the legal and academic requirements of the statutes of Texas and Puerto Rico;

"(b) That from the study performed by the Puerto Rico Board of Accountancy the latter arrived at the well-reasoned conclusion that the qualifications required by the Board of Texas were inferior to those required by the Board of Puerto Rico on the date petitioner obtained his certificate, since for the issuance of the license in Puerto Rico it is necessary that the person be a graduate of a college or university recognized by the Board (which recognition has never been granted to the University of Texas), and have completed 58 credit hours in the study of accountancy, finance, business law, and economics, while in the State of Texas only 30 credit hours on said subject matters were required at that time.

"(c) That as to the aspect of reciprocity the same is disregarded by the Texas State Board of Accountancy when in its letter of July 2, 1959, addressed to the Board of Puerto Rico, it states in its pertinent part:

'. . . the Texas State Board of Public Accountancy will issue certificates of certified public accountants through reciprocity to such holders of certificate of certified public accountants issued by the Puerto Rico Board of Accountancy under its present law and regulations, provided such certificate holders passed the uniform CPA examination prepared by the American Institute of Certified Public Accountants and also had their papers graded by the American Institute of Certified Public Accountants, . . .'

which undoubtedly qualifies the time of the possible reciprocity and furthermore requires the taking of the American Institute Examination graded by said American Institute.

"(d) That although petitioner's counsel maintains that since the only examination being offered at the present time by the Puerto Rico Board of Accountancy is the one offered by the American Institute of Certified Public Accountants, that the demands and requirements compelling Thompson to take the examination would be academic, the truth is that the Puerto Rico Board of Accountancy is not bound to adopt and has not officially adopted the examination offered by the American Institute of Certified Public Accountants. It is only in a period of experimentation in order to decide definitively the examination to be offered to the examinees. In fact, the Board does not

accept as final the evaluation made by the American Institute and in many cases it marks again the examinations to adapt the evaluation to the legal and tax reality in Puerto Rico."

Petitioner appealed again to the San Juan Part in the same previous judicial record and requested the reversal of the decision of the Board, and that the issuance of his certificate as certified public accountant be ordered, without examination.

By judgment of February 7, 1966 the San Juan Part, without stating findings as to the existence or nonexistence of reasonable equivalence between the requirements of Texas and those of Puerto Rico and those of their Boards (decision of April 3, 1962), but under its own construction of the statute, reversed the decision of the Board and ordered the issuance of the certificate requested.

The court understood that the position of the Board arose "out of mistake" because the Board interpreted the law in the sense that the latter implicitly authorized it "to enter into conversations with Boards of other states conducive to arrange and approve 'agreements of reciprocity'." This was rather a characterization of the facts and actions of the Board made by petitioner's attorneys through the record, and which is nothing more than their own conclusion.

Let us see the applicable law. The provision of law around which the whole question in litigation centers is the following paragraph of § 3 of Act No. 293 of 1945 as amended by Act No. 81 of June 20, 1957:

"The Board may, in its discretion, exempt from examination and issue a certificate as certified public accountant to any person meeting the other qualifications set forth in this section, who holds a certificate as certified public accountant issued in accordance with the laws of any state, possession, territory, or political subdivision of the United States, provided the qualifications for the issuing of such certificate are, in the judgment of the Board, equivalent to the qualifications required in Puerto Rico on the date the certificate was originally issued to the ap-

plicant, provided the laws of such state, possession, territory or political subdivision of the United States authorize the issuing of licenses without examination to certified public accountants from Puerto Rico who meet the qualifications required by such state, possession, territory or political subdivision of the United States for the issuing of licenses without examination."

In order that the provision of law previously copied be clearly understood we make a comparative exposition of the pertinent provisions of the laws of Puerto Rico and of Texas below:

|  *Act of Puerto Rico* | *Act of Texas* |
|---|---|
| *Section 3:* | *Section 12:* |
| "A certificate as 'certified public accountant' shall be issued by the Board to any person who: | "Certification of Certified Public Accountants. The certificate of 'Certified Public Accountants' shall be granted by the Board to any person who is: |
| (a) Is a citizen of the United States or has duly declared his intention of becoming a citizen of the United States. To those persons who, having declared their intention of becoming citizens of the United States of America, have not carried through the procedure for the final declaration of citizenship, or whose applications for such citizenship have been finally denied, their licenses shall be ipso facto cancelled, together with the rights obtained hereunder; (b) is a resident of this Island or has a place of business or is employed therein; (c) has attained age twenty-one; (d) enjoys a good moral conduct; (e) meets the requirements of academic prep- | (a) A citizen of the United States or who has duly declared his or her intention of becoming such citizen, and who is a resident of the State of Texas or has a place of business or is employed therein at the time of his application; and (b) who is over the age of twenty-one years; and (c) who is of good moral character; and (d) who meets the requirements of education and experience of one of the three following subdivisions: (1) Who is a graduate of a junior college, senior college or university recognized by the Board, and has completed thirty or more semester hours or the equivalent |

aration and experience prescribed in either of the three following subdivisions:

(1) Is a graduate from a college or university recognized by the Board, and has completed fifty-eight or more semester hour credits or the equivalent thereof in the study of accountancy, business law, economics and finance, of which at least thirty-two semester hour credits or the equivalent thereof shall have been in the study of accountancy; or

(2) Is a graduate from a college or university recognized by the Board but has not completed the hours of study and the subjects specified in subdivision (1) of this section, and has practiced the profession in the employ of a certified public accountant for four years prior to the date of application; provided, that the Board may, in its judgment or discretion, accept as equivalent for each year of practice in the employ of a certified public accountant, two years experience as private accountant in the general practice of accountancy or as accountant in the employ of the Commonwealth or Federal Government, or as a university-level accountancy instructor; or

thereof in the study of accounting, business law, economics and finance, of which at least twenty semester hours or the equivalent thereof shall be in the study of accounting, and has been engaged in practice as a public accountant, or been in the employ of a person engaged in the practice of public accountancy, or shall have been employed as an accountant or auditor in work of a non-routine accounting nature which continually requires independent thought and judgment on important accounting matters for one year preceding the date of application; or

(2) Who is a graduate of a junior college, senior college or university recognized by the Board but has not completed the hours of study in subjects specified in subdivision (1) of this section, and has been engaged in practice as a public accountant, or been in the employ of a person engaged in the practice of public accountancy, or shall have been employed as an accountant or auditor in work of a non-routine accounting nature which continually requires independent thought and judgment on important accounting matters for three years preceding the date of application; or

(3) Is a graduate from a high school with a four year course or has an equivalent education, and has practiced in the employ of a certified public accountant for at least six years prior to the date of application; provided, that the Board may, in its judgment or discretion, accept as equivalent for each year of practice in the employ of a certified public accountant, two years experience as private accountant in the general practice of accountancy, or as accountant in the employ of the Commonwealth or Federal Government, or as a university-level accountancy instructor; or

(f) has successfully passed written examinations in theory of accounts, in accounting practice, in auditing and in commercial law as affecting accountancy.

Examinations provided for herein shall be held by the Board. Such examinations shall take place as often as necessary, in the opinion of the Board, but not less frequently than once each year. A candidate who fails shall have the right to any number of reexaminations. A candidate who satisfactorily passes an examination in any two subjects shall have the right to be reexamined in the re-

(3) Who is a graduate of a high school with a four year course or has an equivalent education and has been in practice as a public accountant, or been in the employ of a person engaged in the practice of public accountancy, or shall have been employed as an accountant or auditor in work of a non-routine accounting nature which continually requires independent thought and judgment on important accounting matters, for at least four years preceding the date of application; and

(e) Who shall have successfully passed written examinations in the theory of accounts, in accounting practice, in auditing, in commercial law as affecting accounting and in such other related subjects as the Board may deem advisable. Each applicant shall be required to make a grade of at least seventy-five (75%) percent on each subject. Applicants for the examinations shall meet the requirements stated in subdivisions (a), (b), (c), and (d) of this section before such applicant shall be permitted to take the examination; except, a candidate for the certificate of 'certified public accountant' who meets the educational requirements in

maining subjects only at subsequent examinations held by the Board, and if he passes in the remaining subjects within a period of time specified in the rules of the Board, he shall be held to have passed the examination."

*Section 3:*

"The Board may, in its discretion, exempt from examination and issue a certificate as certified public accountant to any person meeting the other qualifications set forth in this section, who holds a certificate as Certified Public Accountant issued in accordance with the laws of any state, possession, territory, or political subdivision of the United States, provided the qualifications for the issuing of such certificate are, in the judgment of the Board, equivalent to the qualifications required in Puerto Rico on the date the certificate was originally issued to the applicant, provided the laws of such state, possession, territory or political subdivision of the United States authorize the issuing of licenses without examination to certified public accountants from Puerto Rico who meet the qualifications required by such state, possession, territory or political subdivision of the

subdivision (1) of clause (d) of the first paragraph of this section shall be immediately entitled to examination in subjects other than accounting practice, but shall be required to meet the one-year experience requirement of said subdivision (1) before admission to examination in accounting practice. Provided, however, that anyone who meets the requirements of education and experience of one of the three subdivisions (1), (2), (3), and who is duly enrolled as an attorney in the Supreme Court of Texas and has complied with the provisions of the State Bar Act and is a member of the State Bar in good standing, shall be immediately entitled to examination in subjects other than commercial law, as affecting accounting, and will be given credit for commercial law without taking the written examination on commercial law."

*Section 13:*

"Reciprocity. (a) The Board may in its discretion waive the examination of, and may issue a certificate as 'certified public accountant' to, any person possessing the other qualifications mentioned in Section 12 of this Act who is the holder of a certificate

United States for the issuing of licenses without examination."

as certified public accountant issued under the laws of any state or territory (or the equivalent thereof issued in any foreign country), provided the requirements for such certificates in the state or territory (or foreign country) which has granted it to the applicant were in the opinion of the Board equivalent to those required in this state at the time the applicant's original certificate was issued, and provided that such state or territory (or foreign country) may extend the same privilege to certified public accountants holding certificates from this state."[1]

In view of the different constructions which the litigants, the Board, and the court have given to the provision of reciprocity of our law, it is convenient to make a brief recital of its legislative history.

As the same was originally approved in the year 1945, it provided that the Board may, *in its discretion*, exempt from examination and issue a certificate as "certified public accountant" to any person meeting the qualifications set forth in § 3 of the Act, who holds a certificate as certified public accountant issued in accordance with the laws of any state, provided the qualifications for the issuance of such certificate be, *in the judgment of the Board*, equivalent to the qualifications required in Puerto Rico on the date the certificate was originally issued to the applicant.

---

[1] In 1961 the following provision was eliminated:

"Provided that such state or territory (or foreign country) may extend the same privilege to certified public accountants holding certificates from this state."

In the year 1952, the preceding provision suffered a radical change with the approval of Act No. 208 of May 8. It was then provided as follows:

"The Examining Board shall issue a certificate as certified public accountant to any certified public accountant from any other state of the American Union who so requests, *without his having to meet any other qualification under this section 3*, provided the law which regulates the practice of public accountancy in the state of his origin, provides for the issuing of a certificate as certified public accountant to any certified public accountant of Puerto Rico who so requests, under the conditions provided in this paragraph."

It is fitting to observe that the preceding amendment deprived the Board of all power of discretion and judgment. It did not require that an outside certified public accountant meet the qualifications of our law, and the only condition required was that the state of origin provided the certified public accountants of Puerto Rico a treatment under the same conditions.

The reciprocity provision suffered a third amendment in the year 1957 by Act No. 81 of June 20, it being then drafted in the language which applies to the present litigation and which governs at the present time. The history of this third amendment is as follows:

On October 23, 1956 the former Economic Development Administrator, Teodoro Moscoso, sent a memorandum to the former Governor, Luis Muñoz Marín, submitting a proposal to amend §§ 3 and 4 of the Public Accountancy Act of 1945. An amendment to the reciprocity provision was proposed, identical to what it was finally approved, Moscoso stating that it was done so as to clarify the problem of reciprocity and in order to have such reciprocity with those states which issued licenses of certified public accountants and required *as high* qualifications as those required in Puerto Rico, and further, if said state granted *similar privileges* to the certified public accountants of Puerto Rico. The proposal was

favorably recommended to the Governor by the then Acting Secretary of Justice, Mr. Juan B. Fernández Badillo.

The proposal became Senate Bill No. 117. In the report of the State Government Committee, submitted to the House of Representatives by said Committee it is stated that the Bill introduces two *fundamental amendments* to § 3 of the aforementioned statute.

"(a) .     .     .     .     .     .     .     .

"(b) The reciprocity clause is modified to make it *more restrictive*. Contrary to the provision of the statute in force, Senate Bill 117 requires that the applicant meet all the qualifications of § 3 of Act No. 293 of 1945 *and grants discretion to the Examining Board* as to whether or not the applicant may be exempted from examination." (Italics ours.) Referring to § 4 of the Act, which although not involved in this suit was similarly amended by the same Bill to make it more restrictive than the § 4 in force, the report states that the amendment *conditions* the registration to the applicant acquiring his title in compliance with requirements of preparation and experience *as high* as those required in Puerto Rico on the date the applicant obtained his title. IX-III Journal of Proceedings 1317.

During the discussion of the Bill in the House and in answer to a question of Representative Feliú Pesquera, Representative Muñoz Padín, Chairman of the State Government Committee, stated that the reciprocity clause of the Bill enhanced the prestige of the accountancy profession in Puerto Rico by requiring the applicant to have *the same qualifications* as those established in Puerto Rico in order to prevent that reciprocity should exist by mere statutory provisions, but rather that reciprocity be permitted not only by statutory provisions but also by virtue of *the same qualifications* required by the Board of Puerto Rico; and in that aspect the profession gained enhancement and greater prestige. Farther on, Muñoz Padín himself, in answer to Feliú Pes-

quera, again stated that reciprocity was permitted if it conformed to the laws of a State requiring *the same qualifications established by our Board,* and having "reciprocity with ours. *If there is no reciprocity he cannot be admitted,*" Muñoz Padín reaffirmed. *Idem,* p. 1358.

■■ Pursuant to the reciprocity provision in our statute it is discretionary with the Board to issue or not, *without examination,* a certificate of certified public accountant to foreign persons. It is likewise discretionary on the Board, in its best judgment, to determine whether the qualifications of the State of origin are equivalent to the qualifications required in Puerto Rico. What the lawmaker did not leave to the discretion or judgment of the Board, was the compliance with the reciprocity agreement, that is, that part of the law which provides "provided the laws of such state, possession, territory or political subdivision of the United States authorize the issuing of licenses without examination to certified public accountants from Puerto Rico who meet the qualifications required by such state, possession, territory or political subdivision of the United States for the issuing of licenses without examination." The lack of discretion of the Board to exempt from this legal requirement clearly appears not only from the text itself, but also from the legislative history to which we have referred and from the expressions offered during the legislative process.

■ Leaving aside the fact as to whether or not the University of Texas had been recognized by our Board, from a study of both statutes copied above, it appears that while our law requires that the applicant be a graduate of a college or university and have completed 58 or more semester-hour credits in certain subjects, of which at least 32 semester-hour credits should be in the study of accountancy, Texas requires only 30 semester-hour credits in said studies, of which 20 should be in accountancy, and it also includes the graduate of a junior college. It is likewise evident as to

the other situations comprised in subdivisions (2) and (3) of paragraph (a) that the Act of Puerto Rico requires higher qualifications of experience than that of Texas.

■ We believe that in the exercise of its best judgment and discretion, considering all the circumstances, the Board of Puerto Rico had the power to determine whether the qualifications required in both places were equivalent. If it had determined that they were equivalent possibly its action would not have been disturbed by the courts. In deciding, as in the case at bar, that the qualifications were not comparable, those of Texas being inferior in preparation and experience, it cannot be said that the Board violated the law, or that it committed abuse of discretion, in the light of the history of said reciprocity provision and of the legislative intent.

■ The question of equivalence is not, however, the only factor which governs the decision of this case. There is the requirement of reciprocity to be granted by the outside state to the certified public accountants of Puerto Rico. Insofar as said requirement is concerned the Board lacked discretion, but merely must enforce it.

Therefore, the Board took the proper steps, and necessary in compliance with the law, to communicate with Texas in order to determine to what extent the reciprocity was granted by said State to the graduates of Puerto Rico. These were the actions erroneously characterized by petitioner as actions to make "agreements of reciprocity", which action, as he alleges, corresponded to a higher body of the governmental hierarchy. The court also adopted said erroneous view.

According to the record, the Board of Puerto Rico offered every applicant the choice to take an examination prepared by the latter or an examination of the American Institute of Certified Public Accountants. A great majority of our accountants took the Board's examination. It means that the majority of the accountants with degree from Puerto Rico

and possibly also those who chose the Institute examination were not acceptable without examination through reciprocity with Texas, since according to the law of said State, administered and enforced by its Board, it required, as a condition, not only that the examination of the Institute be approved, but also that the papers of said examinations be marked by the Institute itself. Had the Board accepted said situation it would have failed to comply with the lawmaker's order which required mutual agreement and recognition as to the virtuality and category of the certificates granted in Puerto Rico.

In the course of this litigation, at the administrative as well as the judicial level petitioner has made statements which tend to indicate that the Board has acted motivated by egoism of a professional class, seeking to close the doors on outside professionals. We do not believe that such was the situation.

Furthermore, petitioner is claiming a mere privilege, which is the granting of a certificate *without examination*. This is not an ordinary case for admittance to examination to show thereby to the Board, through the examination, that the applicant has sufficient knowledge for the granting of the license requested. The privilege claimed by petitioner cannot be enjoyed even by the Puerto Ricans themselves or residents herein who make their academic preparation in the educational institutions of Puerto Rico. The latter are bound by our law to pass an examination.

■ Petitioner's claim being a mere legislative grace, there is no reason why the Board should not see that said grace be enjoyed according to the requirements of the law and there is no reason for forcing judicially the use of administrative discretion.

Referring to the administrative function we said in *Debién* v. *Board of Accountancy*, 76 P.R.R. 91, 99 (1954):

"The legislature lays down general standards of such breadth as to give the administrator leeway for his expert judgment, the agency being permitted to develop within an area of administrative analysis, appreciation and discretion, *provided that discretion rests on a basis of reasonableness.*" (Italics ours.)

In the presence of a problem of judicial discretion we said in *People* v. *Sánchez González,* 90 P.R.R. 192, 195 (1964) :

"No court of justice has such an absolute discretion. It may be established as a well-settled rule that any delegation of legislative power granting absolute discretion would be unconstitutional because it would be tantamount to a delegation *in toto* of the legislative power, an action which is contrary to the constitutional canons of a democracy.

"The legal concept of discretion does not mean the power to act one way or another, abstracting the situation from the rest of the law, but the obligation to apply the rules of the *distinctive knowledge* to certain juridical facts for the purpose of mitigating the adverse effects of the law, at times distinguishing one effect from others. Discretion is, therefore, a way of reasonableness applied to the judicial discernment in order to reach a just conclusion, when the coactive elements of the law are superior to the remedial elements. Discretion allows a slight departure from the law in search of justice." (Italics ours.)

The record of this case convinces us that the discretion granted by the statute to the Board of Accountancy to issue licenses *without examination* was not exercised by the latter in the manner prohibited by the preceding pronouncements. Neither the facts nor the applicable law warrant the court setting aside the decision of the Board.

The judgment appealed from will be reversed and another will be rendered dismissing Homer W. Thompson's petition for the issuance of the license of Certified Public Accountant in Puerto Rico, without passing an examination.